### FEBRUARY TERM, 1886.

THEODORE RUNYON, ESQ., ORDINARY.

ELWOOD KING, appellant,

*v.*

ELWOOD ROCKHILL, respondent

Under the statute (*Rev. p. 771 § 86*) the time for filing exceptions to claims against an insolvent estate may be extended by the orphans court. After such an order had been granted it was revoked by the court as improvidently made. —*Held*, that an appeal from the latter order would not lie, because it was discretionary.

Appeal from order of Burlington orphans court. On statement of facts agreed upon by counsel of the parties.

*Mr. J. H. Gaskill*, for appellant.

18                                       273

*Mr. M. R. Sooy,* for respondent.

### THE ORDINARY.

In this case the administrators, upon obtaining the letters of administration, May 9th, 1883, took an order limiting creditors. It required them to present their claims within nine months. The limited period expired in February, 1884. In April following, the orphans court, on application of the administrators, fixed the 16th of July then next as the time for making the report of claims &c., and the administrators duly gave notice that the report of claims would be made on that day, and that they would then apply to have the estate declared insolvent. In May, 1884, the court made an order barring creditors who had not come in under the before-mentioned order of limitation. On June 6th, 1884, the report of assets and claims was filed, from which it appeared that there were assets to the amount of $15,009.25 ; preferred claims to the amount of $13,528.81, and unpreferred claims to the amount of $3,666.69. On the 25th of August following, the administrators filed their final account, which was duly passed at December term, 1884. It showed a balance in favor of the administrators of $274.20. On May 5th, 1885, the court ordered the account to be restated, which was done, and the account as restated showed a balance of $1,259.98 against the administrators. On July 1st, 1885, the court, on application of a creditor, and without notice, made an order giving twenty days further time in which to file exceptions to the claims presented to the administrators. On July 19th, 1885, exceptions were filed to twelve of the claims, amounting together to $3,096.58. On the 18th of August following, the court, upon due notice, on the application of one of the creditors, to whose claim exception had been filed, set aside the order giving further time to except, on the ground that it was improvidently made, and at the same time dismissed all the exceptions without hearing them. From the order setting aside the order giving further time, the exceptant appealed to this court.

The orphans court act provides that any person interested may file exceptions to the claim or demand, or any part thereof, of

any creditor against an insolvent estate, but such exceptions must be filed on or before the day specified for presenting the report of claims to the court, or within such time as the court may on application allow. *Rev. p. 771 § 86.* The time specified in this case was July 16th, 1884. No exceptions were filed at that time, nor was any extension of time for filing exceptions asked for at or before that time. When, subsequently, the final account of the administrators was passed, it appeared that there was nothing to distribute. On the restatement thereof a balance for distribution was shown. The court then, upon application, gave further time within which to except, and exceptions were filed within such period. The ground on which the court vacated the order for further time was that it had been improvidently granted. The time for filing exceptions expired on the 16th of July, 1884. No application for further time was made until nearly a year afterwards, when an application was made without notice. It is urged, on behalf of the appellant, that the creditors did not know until after the restatement of the final account in May, 1885, that there would be any sum to distribute among them; for, at the settlement of that account in December term, 1884, there appeared to be a balance in favor of the administrators. But, as before stated, they filed no exceptions within the time fixed by law, and asked no further time to do so for almost a year.

The respondent's counsel insists that the court had no power to grant further time to except, unless the application were made at or before the expiration of the time fixed for presenting the report.

Without regard to the questions thus raised, it is enough to say that it was entirely discretionary with the court whether it would grant the appellant further time to except or not, and it was equally within its discretion to vacate an order improvidently made. The appeal is from the vacating order. No appeal will lie from that order, because it was discretionary, and if an appeal would lie, there is nothing before me from which I could say whether the discretion was properly exercised or not. The appeal will be dismissed, with costs.